IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald Francis Cameron, | ) | C/A No.: 1:15-1355-TMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden of Broad River Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding pro se, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on Petitioner's motions for appointment of counsel [ECF No. 29] and for an extension of time to respond to Respondent's motion for summary judgment [ECF No. 28].

I.     Appointment of counsel

Petitioner requests that the court appoint counsel for him. Petitioner has no constitutional right to counsel in his federal habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987) (no constitutional right to counsel beyond first appeal of right); *U.S. v. Riley*, 21 F. App'x 139, 141–42 (4th Cir. 2001); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995) (no constitutional right to counsel during federal habeas). The court may, in its discretion, however, appoint counsel for a habeas petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2) (West Supp. 1993); *see also Riley*, 21 F. App'x at 142.

The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition. *See Hoggard v. Purkett*, 29 F.3d 469 (8th Cir. 1994); Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *See Hoggard*, 29 F.3d at 471. In exercising its discretion, the court should consider the legal complexity of the case, the factual complexity of the case, and Petitioner's ability to investigate and present her claims, along with any other relevant factors. *Id.*; *see also Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990). Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel. *See Hoggard*, 29 F.3d at 471.

At this juncture, the court does not anticipate the need for an evidentiary hearing, as the case will likely be resolved on the basis of the state court record. Moreover, Petitioner in his filings to date has demonstrated competency in the presentation of his case and arguments. If the court elects to hold an evidentiary hearing, Petitioner may renew his motion or the court may appoint counsel sua sponte at that time. For the foregoing reasons, Petitioner's motion to appoint counsel [ECF No. 29] is denied.

II.     Motion for an extension of time

Petitioner requests additional time to respond to Respondent's motion for summary judgment. [ECF No. 28]. Petitioner's motion is granted, and Petitioner's response to Respondent's motion for summary judgment is now due by November 12, 2015.

IT IS SO ORDERED.

October 16, 2015                           Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge