IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ronald Francis Cameron, # 279627,           )        C/A No.: 1:15-1355-TMC-SVH
                                            )
            Petitioner,                     )
                                            )
    vs.                                     )        REPORT AND RECOMMENDATION
                                            )
Warden of Broad River Correctional          )
Institution,                                )
                                            )
            Respondent.                     )
_____         )

Ronald Francis Cameron ("Petitioner") is an inmate at the Broad River Correctional

Institution of the South Carolina Department of Corrections who filed this pro se petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court

pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report

and Recommendation on Respondent's motion for summary judgment and return. [ECF

Nos. 21, 22]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court

advised Petitioner of the summary judgment and dismissal procedures and the possible

consequences if he failed to respond adequately to Respondent's motion by September 24,

2015. [ECF No. 23]. Petitioner failed to file a response, and the court issued an order on

September 29, 2015, directing Petitioner to advise the court whether he wished to continue

with his case and to file a response to Respondent's motion by October 13, 2015. [ECF No.

26]. The court granted extensions to December 14, 2015. [ECF Nos. 30, 37]. Petitioner

filed a response on December 15, 2015. [ECF No. 18].

    Having carefully considered the parties' submissions and the record in this case, the

undersigned recommends that Respondent's motion for summary judgment be granted.

I.  Factual and Procedural Background

On April 25, 2008, Angela Cox returned home from work to find her side door open and glass and blood on the floor. [ECF No. 22-1 at   64–66]. Police investigators collected blood samples from the floor and took an inventory of the missing items which included a class ring. *Id.* at 66–67, 72–74, 104–108, 112–13. Upon learning that Larry Gainey had pawned Cox's class ring, *id.* at 113–115, police arrested him, and he stated he had purchased the ring from Petitioner. *Id.* at 82–83. Gainey noted that Petitioner's hand was bandaged in a towel and was bleeding when Petitioner sold him the ring. *Id.* at 82. Police located Petitioner, whose hands were cut and bleeding. *Id*. at 75, 116–17, 127. Petitioner's blood was tested and his DNA profile matched the DNA profile developed from the blood recovered from Cox's home. *Id.* at 162–63.

Petitioner was indicted by the Darlington County grand jury during the October 2008 term of court for larceny less than $1,000 ("petit larceny") (2008-GS-16-1314), and burglary in the first degree (2008-GS-16-1315). [ECF No. 22-1 at 275–78]. The state filed a motion for collection of suspect standards and on September 1, 2009, a *Schmerber*[1] hearing was held before the Honorable J. Michael Baxley, Circuit Court Judge. *Id.* at 3–14.

---

[1] *Schmerber v. California*, 384 U.S. 757 (1966) (holding that the identification of a defendant arrested upon probable cause becomes a matter of legitimate state interest such that taking a blood sample for purposes of criminal investigation does not offend the due process clause).

Judge Baxley issued an order on September 2, 2009, directing Petitioner to give a blood and/or saliva sample to the state for comparison analysis. *Id.* at 281–82.

Tonya Copeland-Little, Esq., represented Petitioner at a jury trial on September 21 and 23, 2009, before the Honorable Howard P. King, Circuit Court Judge. *Id.* at 15 *et seq.* The jury found Petitioner guilty as charged. *Id.* at 227–28. Judge King sentenced Petitioner to concurrent terms of 25 years for burglary in the first degree and 30 days for petit larceny. *Id.* at 237–38.

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by M. Celia Robinson, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed an *Anders*[2] brief on March 21, 2011. [ECF No. 22-2]. Attorney Robinson raised the following issue:

> The judge erred in granting the State's request for DNA swabs from appellant where the State had already obtained DNA standards from appellant so that the trial judge erred in failing to exclude the DNA test results where the blood standards tested were wrongfully taken from appellant in violation of his rights against unreasonable search and seizure.

---

[2] *Anders v. California*, 386 U.S. 738, 744 (1967), requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.

*Id.* at 4. Attorney Robinson certified that the appeal was without merit and asked to be relieved as counsel. *Id.* at 11. Petitioner filed a pro se response to the *Anders* brief. [ECF No. 22-4].

On May 2, 2012, the Court of Appeals filed an unpublished decision dismissing the appeal and granting counsel's request to withdraw. [ECF No. 22-5]. The remittitur was issued on May 18, 2012. [ECF No. 22-6].

Petitioner filed an application for post-conviction relief ("PCR") on July 20, 2012, in which he alleged ineffective assistance of trial and appellate counsel and erroneous advice. [ECF No. 22-1 at 240–46]. A PCR evidentiary hearing was held before the Honorable R. Ferrell Cothran, Jr., Circuit Court Judge, on July 16, 2013, at which Petitioner and his PCR counsel, Parker E. Howle, Esq., appeared. *Id.* at 252–68]. On October 23, 2013, Judge Cothran filed an order of dismissal. *Id.* at 269–74.

Petitioner appealed from the denial of PCR and was represented by Lara M. Caudy, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [ECF No. 22-7]. Attorney Caudy filed a petition for writ of certiorari in the South Carolina Supreme Court on or about May 19, 2014, raising the following issue:

> Whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when trial counsel failed to properly challenge the state's motion to obtain a DNA standard from Petitioner at a *Schmerber* hearing and then later failed to preserve the issue for appeal when she did not object at trial to the admission of DNA evidence where the state took a buccal swab of Petitioner's saliva without his consent?

*Id.* at 3.

4

The South Carolina Supreme Court denied the petition on December 10, 2014. [ECF No. 22-9]. The remittitur was issued on December 30, 2014. [ECF No. 22-10].

Petitioner filed this federal petition for a writ of habeas corpus on March 23, 2015. [ECF No. 1].[3]

III.     Discussion

A.     Federal Habeas Issues

Petitioner asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One**:        Ineffective Assistance of Council

Supporting Facts: On 4-26-08 an illegal DNA sample was taken from defendant. On 9-1-2009 the prosecution held a Schmerber hearing to obtain an order for DNA after realising mistake and violation of defendants rights. During hearing defendants attorney never informed court of this violation; never informed judge of previous sample. Or submitted copies of illegal test and results for court to assess. When defendant brought this before court judge stated he was unaware. Thus Ms. Little failed to preserve this for direct appeal. C-1 thru C-9 exhibits

**Ground Two**:        Erroneous Advice

Supporting Facts: Defendants attorney advised him not to inform court of illegally obtained DNA. Also that she would request for a change of venue, she did not. She told defendant not to be concerned with Schmerber, she would argue exhibits C-32–C-38 illegality of

_____

[3] The court received the petition on March 23, 2015, and docketed it on March 26, 2015. [ECF No. 1]. Because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition reflects it was deposited in the prison mailing system on March 23, 2015. [ECF No. 1-3 at 1].

5

DNA previously obtained. She did not. Clearly this is shown in transcript exhibit (1) Ms. Little claims under oath she did these things though in exhibits (2) & (3) filed 8-26-10 Line 12&13 C-23, C-28

**Ground Three:**    Ineffective Assistance of Appellate Council

Supporting Facts: Appellate representative failed to examine illegal DNA from 4-26-08 failed to show discrepancy of trial court to move for dismissal based on such. Failing to preserve issue for appeal. Failed to bring forth facts of negligence in Schmerber hearing. Failed to show trial counsels failure to fight for change of venue. Failure of trial counsel to show fact of illegally obtained DNA before Judge Baxley at Schmerber hearing or during trial court. Ex. C-1 thru C-9 and C-23, C-28 and C-32–C-38.

**Ground Four:**    Subject Matter of Jurisdiction

Supporting Facts: By obtaining evidence illegally prosecution forfitted their right to prosecute. The State cannot break or violate the law in order to uphold the law. Then knowing the illegal result the state compounded the violation by seeking a lawful Schmerber authorization for the "tainted" evidence. Failing to inform court of tainted evidence and proceeding with the knowledge as if unaware of it's existence!! Prosecution cannot break the law to uphold it. C-10 – C-2; C-32 –C-38.

[ECF No. 1 at 5–10] (errors in original).

    B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the

6

dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by Fed. R. Civ. P. 56(c), set forth specific facts showing there is a genuine dispute for trial.

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1)

9

through a direct appeal, or (2) by filing an application for PCR. State law requires all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[4] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17- 27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845–47 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling

_____

[4] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

10

legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed

11

to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

   3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state courts in limited circumstances in which a

petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker,* 517 F.3d 700, 714 (4th Cir.), *cert. denied,* 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Coleman,* 501 U.S. at 753–54. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

    D.    Analysis

        1.    Procedurally-Barred Grounds

Respondent argues Petitioner procedurally defaulted on his claims in Grounds One, Two, and Three. [ECF No. 22 at 10]. To the extent these claims were not raised in a direct or PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Pruitt*

*v. State*, 423 S.E.2d 127 (S.C. 1992) (holding issue must be raised to and ruled on by the PCR judge in order to be preserved for review).

In Ground One, Petitioner argues his trial counsel was ineffective when she failed to inform the court during the *Schmerber* hearing about Petitioner's illegally-obtained DNA sample and failed to preserve the issue for direct appeal. [ECF No. 1 at 5]. In Ground Two, Petitioner alleges his trial counsel gave him erroneous advice when she told him not to inform the court of the illegally-obtained DNA, and when she failed to request a change of venue although she told Petitioner that she would. *Id.* at 6–7. In Ground Three, Petitioner claims his appellate counsel was ineffective for not arguing his trial counsel was ineffective when trial counsel failed to move for a change of venue and failed to argue Petitioner's DNA was illegally obtained. *Id.* at 8.

Liberally construed, Petitioner's argument concerning his trial counsel's representation during the *Schmerber* hearing was addressed in the PCR order and raised in the PCR appeal. Because the remaining claims in Ground One, and all of Petitioner's claims in Grounds Two and Three were not argued during Petitioner's PCR appeal, these claims are barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

2.    Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of these claims. In all cases in which a state prisoner has defaulted his federal claims in state

14

court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding that to show prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez*, 906 F.2d at 1159 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray*).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a trial, a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot

establish cause and prejudice because he has abandoned the opportunities to preserve these issues.

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* at 338. The court's review of the record does not support a showing of actual innocence.

During the trial, the solicitor presented the facts recited in the Factual Background section above. The jury determined Petitioner was guilty of burglary in the first degree and petit larceny. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, procedural bars apply to the above-referenced claims in Grounds One, Two, and Three.

    3.  Merits Review

      a)  Ground One

In Ground One, Petitioner alleges his counsel was ineffective during a *Schmerber* hearing when she failed to inform the court that his DNA was illegally obtained prior to the

hearing, and failed to submit copies of the illegal test and results for the court to assess. [ECF No. 1 at 5].

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential

17

standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. In such circumstances, the "question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* at 102–103 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

Petitioner testified during the PCR hearing that he had issues with how his trial counsel handled his DNA evidence. [ECF No. 22-1 at 256]. Petitioner stated his DNA was illegally taken one day after he was locked up. *Id.* When Petitioner was asked if his counsel did all she could do to have the second DNA test excluded, Petitioner stated, "Well, she didn't bring up the other, the first DNA was done. I had to bring it up." *Id.* at 257. Petitioner testified his counsel failed to bring up his first DNA test during his *Schmerber* hearing or his trial. *Id.*

Trial counsel testified she was aware the police took an initial DNA swab from Petitioner three days after he was arrested. *Id.* at 261. Counsel said she filed a motion to suppress this test after Petitioner informed her he did not consent to giving his saliva. *Id.* Counsel testified the solicitor did not fight the motion, but instead requested a *Schmerber*

hearing and asked for a new draw. *Id.* at 261–62. Counsel stated she tried to stop the state form obtaining the second swab, arguing it was an invasion of Petitioner's privacy. *Id.* at 262. Counsel testified she advised Petitioner not to testify at the hearing about the earlier DNA draw taken without his consent. *Id.* Counsel stated Petitioner decided to testify and told the court about the original saliva that was taken. *Id.* Counsel testified that the results of the second swab were a match to Petitioner. *Id.* at 262–63.

In rejecting Petitioner's ineffective assistance of counsel claim, the PCR court found:

> This Court finds the Applicant's testimony is not credible, while also finding trial counsel's testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in her representation.
>
> This Court finds the Applicant failed to meet his burden of proving trial counsel should have challenged the DNA report. Trial counsel testified the initial DNA swab was suppressed. Trial counsel testified a *Schmerber* hearing was conducted and, while she argued against it, the State prevailed. Trial counsel testified there was no legal basis to challenge the admission of the DNA report at trial. This Court finds trial counsel's testimony is credible. This Court finds the Applicant has failed to meet his burden of proving trial counsel did not properly handle the DNA issue because he failed to articulate a legal basis upon which trial counsel could have challenged the admission of the DNA evidence at trial. See *Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d  813, 814 (1985) (holding that, in a post-conviction relief proceeding, the applicant bears the burden of proving the allegations in their application). Regardless, the State presented additional evidence of his guilt. A distinctive ring stolen from the victim's home - and recovered in a pawn shop - was traced back to the Applicant. (Trial transcript, pp.42-43; pp.62-63; pp.79-81). The Applicant was also identified as having bleeding cuts on his hands (and the victim's home had broken glass and blood on the floor). (Trial transcript, pp.36-37; p.39; p.43; p.61; pp.79-81; p.105). As such, the Applicant cannot prove he was prejudiced by the admission of the DNA evidence at trial. See *Geter v. State*, 305 S,C. 365, 367, 409 S.E.2d 344, 346 (1991) (concluding reasonable probability of a different result does not

19

exist when there is overwhelming evidence of guilt).

Accordingly, this Court finds the Applicant has failed to prove the first prong of the <u>Strickland</u> test -- that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in her representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u>-- that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. <u>See</u> <u>Frasier v. State</u>, 351 S.C. at 389, 570 S.E.2d at 174.[3]

_____
[2] <u>Schmerber v. California</u>, 384 U.S. 757, 86 S. Ct. 1826 (1966).
[3] This Court notes the Applicant alleged ineffective assistance of appellate counsel in his PCR application but did not present any evidence or testimony regarding this issue at the PCR hearing. As such, this Court finds the issue abandoned.

[ECF No. 22-1 at 272–73].

In his response, Petitioner alleges he repeatedly informed counsel of his forced submission of bodily fluids for DNA testing. [ECF No. 39 at 11]. Petitioner argues his attorney denied knowledge of the first DNA test and results and failed to support Petitioner when he testified during the *Schmerber* hearing about the initial illegal testing.  *Id.* at 5. Petitioner claims counsel failed in her capacity to represent him without bias. *Id.* at 8.

Petitioner cannot satisfy the *Strickland* test. He has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding his ineffective assistance of counsel claims. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination given the evidence and record before it. Therefore, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of these

issues. Based on the foregoing, Petitioner is not entitled to federal habeas relief on these allegations in Ground One, and the undersigned recommends this ground be dismissed.

        b)    Ground Four

In Ground Four, Petitioner alleges the court lacked subject matter jurisdiction over his charges because the prosecution illegally obtained the evidence against him. [ECF No. 1 at 10].    Respondent argues Petitioner's Ground Four does not state a claim cognizable in federal habeas corpus. [ECF No. 22 at 15].    The undersigned agrees. State court subject matter jurisdiction is a matter of state law that is not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary"). Accordingly, the undersigned recommends that Respondent be granted summary judgment on Ground Four.

IV.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 21] be granted.

        IT IS SO RECOMMENDED.

                                *Shiva V. Hodges*

January 7, 2016                                Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).